# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD J. HAVILAND, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-156-TWP-TAB |
| | ) |
| DONNA CARNEYGEE, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Donald J. Haviland ("Haviland") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I.

### A.

Haviland is serving a 60-year sentence imposed for his 1995 Monroe County conviction for murder. He asserts that his conviction and sentence are infirm. The respondent asserts that Haviland's habeas petition was not timely filed. Haviland replied to the respondent's argument, arguing the merits of his claims and that failure to consider his claims would result in a fundamental miscarriage of justice.

### B.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several of the statutes governing federal habeas relief, as part of the Anti-terrorism and Effective

Death Penalty Act of 1996,. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

## C.

The facts pertinent to the computation of the statute of limitations are the following:

- On April 4, 1995, following a jury trial, Haviland was found guilty of murdering his uncle. On June 16, 1995, he was sentenced to sixty years in prison.

- Haviland filed a notice of appeal. The Indiana Supreme Court affirmed his conviction and sentence on March 13, 1997. His petition for rehearing was denied on March 30, 1998.

- On April 20, 2006, Haviland filed a petition for state post-conviction relief. On August 6, 2007, the petition was "administratively disposed." He filed a second petition for post-conviction relief on February 2, 2010, which was denied on August 23, 2010. Haviland did not appeal the denial of his petition.

- Haviland signed his petition for writ of habeas corpus on February 1, 2011.

## D.

The legal significance of the foregoing facts is the following:

- Haviland's conviction became final on June 28, 1998, the date when the time to seek certiorari review expired.

- Haviland had until June 28, 1999, to file a habeas petition or have a properly filed petition for post-conviction relief pending in state court.

- Haviland did not file his petition for post-conviction relief until April 20, 2006, almost seven years after the statute of limitations had expired.

The statute of limitations established by 28 U.S.C. 2244(d) expired June 28, 1999. Thus, Haviland's habeas petition was filed more than six years after the statute of limitations expired. The later post-conviction litigation has no effect on the statute of limitations computation. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

In his reply, Haviland states that, "[t]he very nature of the federal habeas corpus writ, demands that it be administered with the initiative and flexibility essential to ensure that miscarriages of justice within its reach are surfaced and corrected, and that Preclusive doctrines like the Antiterrorism and Effective Death Penalty Act of 1996, Pursuant to 28 U.S.C. §2244(d)(1), and all other doctrines and formalities YIELD to the imperative of correcting a fundamentally unjust incarceration." This is Haviland's attempt to invoke the fundamental miscarriage of justice exception. However, it is insufficient. In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*). Haviland invokes the fundamental miscarriage of justice exception, but offers no evidence of his

actual innocence here, and the court discerns no basis on which such an argument could be asserted. More importantly, "in this circuit, actual innocence is not a freestanding exception to the statute of limitations in § 2244(d)(1)(A)." *Aruajo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005).

In addition, Haviland claims that, "he has been mentally ill and incompetent during his incarceration, until the past few years." However, this does not restart the statute of limitations period on Haviland's behalf. *See Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990) (holding that illiteracy is not cause to overcome procedural default, citing with approval cases holding that ignorance of the law is not cause); *Rodriguez v. Maynard*, 948 F.2d 648 (9th Cir. 1991)(pro se status and lack of awareness and training in the law is not cause).

### E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Haviland has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Haviland

has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/22/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Donald J Haviland
#881536
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov